ALBERT TURGEON *vs.* LOOMIS D. GRISWOLD.

APRIL 24, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit in which the plaintiff, in his declaration, alleged that the defendant, being justly indebted to him in the sum of $3000 for goods, wares and merchandise sold and delivered by the plaintiff to the defendant and for work and labor performed for the defendant at the latter's request and for money lent by the plaintiff to the defendant and for interest thereon, promised to pay to the plaintiff such money on request, but had refused and continued to refuse to pay such money.

To this declaration the defendant filed a plea of non assumpsit and also a special plea that the plaintiff had, later and for valuable consideration, executed and delivered to the defendant a general release of all claims and demands which the plaintiff had against the defendant.

To this special plea the plaintiff filed a replication in which he stated that he did not execute any such release as the defendant had alleged; that, if such a general release was in existence, it was procured from the plaintiff by false and fraudulent representations of the defendant to the plaintiff; that no consideration had been given therefor; and that, if such an executed release should be shown, the defendant had promised to make certain payments. for which this action had been brought and that the defendant had failed to make such payments.

The case was tried in the superior court before a justice thereof sitting without a jury; and after discussing the evidence and certain questions of law involved in the case a decision was rendered for the defendant. The case is now before us on plaintiff's single exception to that decision.

There was no contradiction in the evidence as to many of the facts involved in the case; but there was a great deal of dispute as to other important facts. The plaintiff's business was largely that of a painter of houses, although he also was in the business of constructing and repairing them. He bought and sold a number of lots on plats at or near Echo Lake in Rhode Island, selling several of them to the defendant. He also bought from the defendant ten lots on the Lake Como plat in the town of North Attleboro, Massachusetts, which plat had been developed by the defendant. There was some conflict in the evidence as to which of these lots had been paid for, and when or how; and if and when possession of them had been delivered.

As to the items charged against the defendant in the plaintiff's bill of particulars, there is in the evidence a great deal of conflict as to whether they are properly chargeable to the defendant for the benefit of the plaintiff. By far the greatest part of the sum charged against the defendant in this bill of particulars was for labor and materials furnished by the plaintiff in the erection, painting, etc. of a house on two certain lots on the Lake Como plat, which were among the lots purchased by the plaintiff from the defendant but which had not been conveyed to the plaintiff.

The uncontradicted evidence showed that, when this house was being built and the expenditures for which the plaintiff is seeking to recover in this action were being made by him, the title to the lots was in the Harris Lumber Company, which furnished the lumber and other materials used by the plaintiff; and that he was aware of that fact. The evidence did not prove that, in connection with the transfer of the title to these lots to that company, there was any conduct by the defendant which would tend to make him, in this

case, liable to the plaintiff for any of the items set forth in the bill of particulars. Nor can we properly find, after considering all the pertinent evidence, apart from the release, that the trial justice's decision for the defendant was clearly wrong.

As to the release there was much conflict between the testimony of the defendant and another witness and the testimony of the plaintiff and his wife. According to the testimony of the former witnesses the plaintiff signed and delivered to the defendant a general release, which was put in evidence, of all obligations by the defendant to the plaintiff on which this action is based.

There was testimony to the contrary by the plaintiff and his wife; but the trial justice believed the testimony of the defendant and his supporting witness as prevailing over that of the plaintiff and the latter's wife; and he therefore found the release to be valid and effective. He held in substance that this release was sufficient to require him to render a decision for the defendant on the items involved in this case.

After careful consideration of the pertinent evidence and giving effect to the plaintiff's release, we cannot say that the trial justice's decision was clearly wrong. There was evidence for the defendant which, if believed, would prevent the plaintiff from having any right to recover from the defendant in this case the damages as alleged.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*R. deBlois LaBrosse,* for plaintiff.

*Robert Brown,* for defendant.